UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RECEIVED

12 SEP 28 AM 11: 37

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, JACKSON

Marla D. Taylor

v.                              CIVIL ACTION NO._____

City of Jackson
(Jackson Police Department) et al.

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff,_____Marla D. Taylor_____
is a citizen of the United States and resides at_____73 Law Road_____
                                                           (street address)

____Jackson_____      ____United States_____      ____Tennessee____
    (city)                        (country)                          (state)

____38305-9237_____                            ____731-427-3172_____
    (zip code)                                         (telephone number)

1.

Plaintiff is a white female is a citizen of the United States, resident of Tennessee presently employed by the defendant. At all times relevant hereto, Plaintiff has been employed by the defendant as a commissioned police officer since August 27, 1990. Plaintiff's personnel record reflects consistent work performance, commendations from supervisors and citizens, and other professional recognition. Plaintiff's work evaluations are comparable to, if not better than that of her peers. Plaintiff was promoted to the rank of Sergeant in June of 2008.

2.

Plaintiff provided testimony in a coworker's Tennessee Human Rights Commission complaint against unlawful acts of discrimination based on sex and sexual harassment occurring in 2008.

3.

Plaintiff subsequently filed a joint THRC/EEOC complaint of sexual harassment in July 28, 2008 and received a right to sue declaration from the EEOC on September 28, 2009 (Charge Number 490-2008-02787). Defendant proffered a settlement that was accepted by the Plaintiff's attorney, Michael Weinman, in November of 2009.

4.

Retaliatory acts have been arranged and endorsed by plaintiff's supervisor, Michael Holt, Captain of the Criminal Investigations Division who acted as an agent of the City of Jackson. Michael Holt is named as a principle in both the Plaintiff's and a female coworker's THRC and EEOC complaints. Plaintiff has given testimony to THRC as recently as February 2012 demonstrating a causal nexus between the protected activity and the acts of retaliation.

5.

Original EEOC charging statement was amended to include a violation of the Americans with Disabilities Act. EEOC Investigator Tim Williams amended the original charge of discrimination based on sex and retaliation to include a violation of the ADA in that the EEO original complaint asserted that the Defendant, Mike Holt acting as an agent of the City of Jackson, had advised other personnel that the Plaintiff had a mental illness (real or perceived) during a five month Administrative Leave. This act caused irreparable harm to the Plaintiff's credibility and professional reputation.

3. Defendant _____ City of Jackson (Jackson Police Department) et al.
(defendant's name)
lives at, or its business is located at _____ 101 East Main Street, Jackson TN 38301
(street address)

4. Plaintiff sought employment from the defendant or was employed by the defendant at

234 Institute Street and 447 East Main Street
(street address)

| Jackson | United States | Tennessee | 38301 |
| (city) | (country) | (state) | (zip code) |

5. Defendant discriminated against plaintiff in the manner indicated in paragraph 9 of this complaint on or about  __28__   __April__   __2011__
(day) (month) (year)

6. Defendant filed charges against the defendant with the Tennessee Fair Employment Commission charging defendant with the acts of discrimination indicated in paragraph 9 of this complaint on or about _____.
(day) (month) (year)

7. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraph 9 of this complaint on or about  __17__   __February__   __2012__
(day) (month) (year)

8. The Equal Employment Opportunity Commission issued a Notice of Right to Sue, which was received by plaintiff on  __2__   __July__   __2012__ . (Attach a copy of the notice to this complaint.)
(day) (month) (year)

9. Because of plaintiff's (1) ___ race, (2) ___ color, (3) _X_ sex, (4) ___ religion, (5) ___ national origin, defendant

   (a) ___ failed to employ plaintiff.

   (b) ___ terminated plaintiff's employment.

   (c) ___ failed to promote plaintiff.

   (d) _X_ committed illegal acts of retaliation under Title VII of the Civil Rights Act of 1964, as amended in that:

Plaintiff was subjected to illegal harassment and acts of retaliation for Plaintiff's opposition to practices made illegal by Title VII. This conduct violated 42 U.S.C. §2000e. The Defendant created adverse working conditions by endorsing intentional harassment that unfavorably altered the conditions of the Plaintiff's employment. Discrimination and harassment occurred after Plaintiff engaged in a protected activity; specifically opposing sexual harassment by filing an EEOC complaint and participating in a coworker's THRC complaint of sexual harassment.

10. The circumstances under which defendant discriminated against plaintiff were as follows:

6.

Plaintiff was placed on medical leave from April 7, 2011 to April 27, 2011 and provided sufficient documentation from physicians. Plaintiff's physician released her from care effective April 27, 2011. Defendant, Personnel Director Lynn Henning acting as an agent of the City of Jackson, notified Plaintiff that she could not return to work unless she received a competency evaluation determining fitness for duty from a professional retained by the Defendant. Defendant proffered no incident prompting the necessity of a fitness for duty evaluation. This action demonstrates an intentional bias toward the Plaintiff.

7.

Plaintiff attended an impromptu meeting with city retained Psychologist, Dr. Richard Spring PhD, Police Department Legal Advisor, Thom Corley and City Personnel Director Lynn Henning on August 25, 2011, despite protest by Plaintiff's attorney, Deborah Godwin, for inclusion in the meeting. Plaintiff was not given notice of meeting and was not afforded exemption from meeting. Defendant ordered Plaintiff to return to duty station effective September 6, 2011. Plaintiff's participation was under the condition of duress and fear of discipline or reprisal.

8.

Plaintiff was directed to 'have no direct communication with Captain Mike Holt unless in situations of work related necessity' in internal affairs complaint number 06-11 and was assigned to report directly to Lieutenant Melinda Wyatt, effective March 22, 2011. This action usurped the authority of Plaintiff.

9.

Plaintiff was directed to 'remain in current employment status' pending completion of the internal investigation(s). Plaintiff reasonably believed that opportunity for lateral transfer from the Criminal Investigation Division was constrained by this directive. This action placed the Plaintiff in a quandary since the acts of harassment were reported per internal mechanism and the retaliation continued leaving Plaintiff without protection from further acts in violation of Title VII of the Civil Rights Act of 1964.

10.

Plaintiff complied with requirements of Defendant and remained on Administrative Leave for a five month period until September 5, 2011. Plaintiff was removed from Administrative Leave status on September 6, 2011. Indeterminate leave status created depression and fear of dismissal from continued employment for Plaintiff.

11.

Upon return to work Plaintiff was relocated to a smaller work space, sharing an office with two subordinates with a decrease in square footage as compared to office space shared by other supervisors of the same rank.

12.

Plaintiff is an active member and officer of the Jackson Police Officer's Union Local 2002, and as such Plaintiff was appointed representation by a contracted Union attorney (hereinafter referred to as union attorney) Deborah Godwin. Deborah Godwin represents the Plaintiff as defense counsel for internal complaints alleging violations of department policy and/or criminal activity. The Plaintiff's Union Attorney corresponded with the Jackson Police Department Legal Advisor, Thom Corley and forwarded electronic mail pertaining to the Plaintiff's representation that asserted there needed to be a 'mediation' to 'clear the air.' Plaintiff's Union Attorney prevented mediation meeting from occurring based on the scope of the 'mediation' as defined by the Legal Advisor, Thom Corley, and the fact that there was an open investigation into incidents of harassment in which the Plaintiff was named as the subject.

13.

Jackson Police Department Legal Advisor Thom Corley indicated in electronic mail to Plaintiff's Union Attorney that upon the Plaintiff's return to duty a need for discipline was warranted. Defendant did not cite that the Plaintiff committed any acts of impropriety, violation of policy, or law. Plaintiff was placed in fear of retaliatory action or consequence jeopardizing professional reputation and continued employment.

14.

Plaintiff experienced increased scrutiny of work assignments and continual monitoring of work efficiency that was not merited or consistent with other similarly situated Supervisors under the direction of Captain Mike Holt.

15.

Plaintiff has applied for free training offered in both the West Tennessee area and the Nashville Metropolitan area as is the custom and practice of criminal investigators and the expectation of similarly situated supervisors. The Training requests were submitted to Lieutenant Melinda Wyatt who forwarded the request to Captain Mike Holt. Acknowledgement of request as approved or declined (except one) by the Plaintiff's Criminal Investigation Division supervisor, Captain Mike Holt has not been forthcoming.

16.

Internal investigations in which Plaintiff was named as a participant were not concluded which is in violation of policies and procedures adhered to by the Jackson Police Department's Professional Standards and Integrity Unit, under the immediate supervision of the Police Department Legal Advisor, Captain Thom Corley. This action demonstrated inequitable treatment of Plaintiff as compared to other similarly situated employees. The Plaintiff has experienced stress related illness in the form of physical gastrointestinal symptoms, anxiety, and insomnia as a result of the ongoing investigations.

17.

Plaintiff participated in Employee Assistance Program (EAP) in April of 2011 for treatment of symptoms associated with Defendant's adverse actions. Plaintiff experienced the following symptoms that reasonably interfered with job performance and quality of life:

- Insomnia as a result of tangible fear of continued retaliation
- Situational depression resulting in care of EAP medical doctor
- Panic attacks in response to fear of reprisal
- Loss of appetite resulting in extreme weight loss
- Disillusion with failure of Defendant's internal mechanism designed to prevent acts of harassment and retaliation

18.

Plaintiff continues to be subjected to acts of harassment and retaliation that are pervasive subsequent to filing EEO Charge number 490-2012-00713 on February 17, 2012 and reasonably believes that the adverse conditions of employment are intended as recourse for participation in a protected activity under Title VII of the Civil Rights Act of 1964.

11. The acts set forth in paragraph 9 of this complaint

    (a) __X__ are still being committed by defendant.

    (b)_____ are no longer being committed by defendant.

    (c)_____ may still be being committed by defendant.

12. Please attach to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission, which are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, Plaintiff prays that the Court grant the following relief to the plaintiff:

    (a) _____ Defendant be directed to employ plaintiff, or

    (b) _____ Defendant be directed to re-employ plaintiff, or

    (c) _____ Defendant be directed to promote plaintiff, or;

    (d) __X__ Defendant be directed to

Declaration that the actions of the Defendant alleged in this complaint constitute discriminatory and retaliatory practices taken against Plaintiff because of her race and exercise of rights in violation of Title VII of the Civil Rights Act of 1964, as amended.

Enjoin Defendant from taking personnel actions, evaluating employee's performance relegating employees to performance improvement plans, separating employees from employment, criticizing their performance, providing false adverse employment references and otherwise taking adverse employment actions against employees because of their sex, disability or exercise of protected activities.

Damages for irreparable harm to Plaintiff as awarded by a Jury and proscribed by 42 U.S.C. §2000e-5(g)

Revised 4-18-08

and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

13.  I would like to have my case tried by a jury.  Yes ( X )  No ( )

*[signature]*
SIGNATURE OF PLAINTIFF

Revised 4-18-08