IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MARLA D. TAYLOR
   Plaintiff,

vs.

               No. 1:12-cv-1221-JDB-egb

CITY OF JACKSON, and
JACKSON POLICE DEPARTMENT.

   Defendants.

## REPORT AND RECOMMENDATION

On September 28, 2012, Plaintiff filed this Complaint pursuant to 42 U.S.C. § 2000e-5. (Docket Entry ("D.E.") 1) Plaintiff paid the $350 filing fee. (D.E. 2) This case was referred to the Magistrate Judge pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-39. For the reasons set forth below, the Magistrate Judge recommends that Defendant's Motion to Dismiss the City of Jackson Police Department as a Party be granted.

**RELEVANT BACKGROUND**

The Complaint alleges that after a medical leave in April, 2011, Defendant required that Plaintiff receive a competency evaluation determining fitness for duty by a professional retained by the Defendant.[1] Plaintiff also alleges that she was

---

[1] As background, Plaintiff states that she has provided testimony in a coworker's Tennessee Human Rights Commission complaint and has herself filed a joint THRC/EEOC complaint of sexual harassment. The latter was settled out of Court.

required to attend an impromptu meeting with the City's Psychologist, without the presence of her attorney, and that her return to work was under fear of discipline or reprisal. Upon her return to work, the Plaintiff alleges that she was put in a smaller work space and her work was more strictly scrutinized. She alleges that her requests for training have not been answered, that internal investigations with her participation have not been concluded, and that she continues to be subjected to acts of harassment and retaliation.

## **ANALYSIS**

"[A] district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam), cert. denied, 528 U.S. 1198, 120 S. Ct. 1263, 146 L. Ed. 2d 118 (2000); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999). In Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), the Sixth Circuit held that, when "faced with a complaint that it believes may be subject to dismissal[,]" a district court must:

> (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended sua sponte dismissal; (4) give the defendant a chance to

2

> respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal.

Id. at 1112.[2] An exception to this general rule permits a district court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple, 183 F.3d at 479 (citing Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). The Sixth Circuit cautioned, however, that "most complaints will not be so clearly insufficient as to warrant dismissal under Rule 12(b)(1), but instead should be handled under Rule 12(b)(6) of the Federal Rules of Civil Procedure," id. at 480, and that "dismissal under Rule 12(b)(1) … is appropriate only in the rarest of circumstances where … the complaint is deemed totally implausible," id.; see also Wagenknecht v. United States, 533 F.3d 412, 417-18 (6th Cir. 2008) (claims that appear to be factually or legally meritless ordinarily are not sufficiently implausible to warrant dismissal under Rule 12(b)(1)).

---

[2] **Error! Main Document Only.**After the enactment of 28 U.S.C. § 1915(e)(2), the Tingler procedures are no longer applicable to cases in which the plaintiff has been granted leave to proceed in forma pauperis. See, e.g., In re Prison Litig. Reform Act, 105 F.3d 1131, 1138 (6th Cir. 1997) (administrative order). Tingler still applies to paid complaints. Wagenknecht v. United States, 533 F.3d 412, 417 n.4 (6th Cir. 2008).

3

In this case, the Court plainly has subject matter jurisdiction over this action and, therefore, process has already been issued for Defendants. Portions of the complaint are subject to dismissal under Rule 12(b)(6) for reasons stated infra.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." Williams, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521, 92 S. Ct. at 596 (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 3366 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir.1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for

failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Defendant, in its answer to the complaint and Motion to Dismiss[3] the City of Jackson Police Department, notes that the Police Department is a not a legal or governmental entity separate and distinct from the City of Jackson, and thus should be dismissed.

The Court agrees that the City of Jackson Police Department is not a suable entity, and any claims against it should be dismissed. The City of Jackson is the proper party to address the claims asserted by this Plaintiff. *See* Mathes v. Metro. Gov't of Nashville and Davidson Cnty., No. 3:10-cv-0496, 2010 WL

---

[3] Defendant's Motion was improperly filed as an Answer to the Complaint, and thus, would not appear on any of the Court's internal accounting systems. Parties are reminded to correctly file Motions as such and, if necessary, file them separate from a Responsive pleading.

3341889, at *2 (M.D. Tenn. Aug. 25, 2010): <u>CP v. Alcoa Police Dep't</u>, No.: 3:10-CV-197, 2010 WL 3341889, at *2 (M.D.Tenn. Aug. 25, 2010);("[I]t is clear that defendant Alcoa Police Department is not an entity capable of being sued under 42 U.S.C. §1983"); <u>Pruitt v. Lewis</u>, No. 06-2861, 2007 WL 4293037, at *2 (W.D.Tenn. Dec. 6, 2007)("It is well established that a '[county sheriff's] department is not a legal entity separate from its parent [county].'").

Thus, the Magistrate Judge recommends that the City of Jackson Police Department be DISMISSED as a defendant. A Scheduling Conference will be set under separate order.

Respectfully submitted this 9th day of October, 2013.

                             **s/Edward G. Bryant**
                             EDWARD G. BRYANT
                             UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.